## W. N. TIMBERLAKE, SR. v. LESLIE V. WILLIAMS.

(Filed 12 April, 1961.)

APPEAL by defendant from *Carr, J.,* November, 1960, Civil Term, FRANKLIN Superior Court.

The plaintiff instituted this civil action to recover the sum of $600 for property damages and $27.00 for personal injuries resulting from a road intersection collision between plaintiffs' Ford and defendant's Chevrolet. The defendant denied the plaintiff's allegations of negligence and counterclaimed for his own injury in the sum of $10,000.

Both parties presented evidence. The court submitted issues of negligence, contributory negligence, and damages. The jury found the defendant guilty of negligence and the plaintiff guilty of contributory negligence. From the judgment dismissing the action, the defendant appealed.

*John F. Matthews, W. M. Jolly, for plaintiff, appellee.*
*Taylor & Ellis, for defendant, appellant.*

PER CURIAM. The evidence discloses the accident occurred at the intersection of north-south Highway No. 401 and east-west Tarboro Road, Franklin County. In order to facilitate the movement of traffic from one of the above arterial highways to the other, the State Highway Commission built access roads from each side of each highway into the other. These accesses began 180 feet from the intersection and the four form a diamond-shape figure with the points of the diamond in the highway, one north and one south of the intersection on No. 401, and one east and one west of the intersection on the Tarboro Road. The traffic from either of the arterial roads into the other is routed over these accesses and no turns are permitted at the actual intersection.

As he approached the cutoff to the south of the actual intersection on 401, the plaintiff intended to switch over and go west on the Tarboro Road. To do so it was necessary for him to cross the lane for south-bound traffic on 401 and enter the access to his left. At the time the plaintiff was attempting to execute his intended movement, the defendant, having passed the actual intersection, was continuing south on 401. The two vehicles collided about the center of 401 at a point opposite the access plaintiff intended to enter. There was evidence that the plaintiff cut first to the left, then back to the right, and that defendant failed to reduce speed and to keep his

vehicle under proper control. The evidence as to signals, speed, proper lookout, right-of-way, etc., was conflicting.

The jury found both drivers negligent. The evidence was sufficient to support the findings. In such instances the applicable law to the facts has been the subject of much discussion by this Court, and useful purpose would not be served by further discussion. Suffice to say, reversible error does not appear.

No error.